UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENAISSANCE BREWING, LLC, D/B/A SUDS MONKEY BREWING COMPANY,** | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 5:20-CV-01084 |
| vs. | § § | |
| **HANSEN BRAND, LLC, D/B/A BREW MONKEY BEER COMPANY and JIM HANSEN,** | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Renaissance Brewing, LLC d/b/a Suds Monkey Brewing Co. ("Renaissance" or "Plaintiff"), by and through its attorneys, Trent Nichols, PLLC and Lackenbach Siegel, LLP, file this Original Complaint against Defendants, Hansen Brand, LLC ("HBLLC") and Jim Hansen ("Hansen") (collectively "Defendants," each a "Defendant") as follows:

## NATURE OF ACTION

1. In this action, Renaissance seeks injunctive relief, lost profits, damages and attorneys' fees for Defendants' acts of willful trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., and trademark infringement and unfair competition under Texas common law.

## THE PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338, and 1367.

3. Renaissance is a limited liability company organized under the laws of the State of Texas, having its principle place of address at 1032 Canyon Bend Dr. Suite B, Dripping Springs, Texas 78620.

4. The actions of the Defendant complained of in this Complaint have been and continue to be committed within the Western District of Texas.

5. Upon information and belief, Defendant HBLLC is a limited liability company organized and existing under the laws of the State of Texas, with a business address at 8619 Turning Leaf, Boerne, Texas 78015.

6. Upon information and belief, Defendant Hansen is an individual with a residence address Boerne, Texas and a business address in San Antonio, Texas.

7. Upon information and belief, Hansen is a director, officer, and/or principal of HBLLC, and has aided, abetted, controlled, and actively directed and caused HBLLC to commit, and has himself individually committed, the acts complained of herein.

8. Upon information and belief Defendants contract to supply goods and/or services, and/or transact business in Texas and within this judicial district; and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the infringement of Renaissance's trademarks, have caused harm to Renaissance within this judicial district.

9. Personal jurisdiction exists over the Defendants as both are residents of the State of Texas and this judicial district.

10. Venue is proper in this district and this division pursuant to 28 U.S.C. § 1391.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

11. Renaissance owns a "brew pub" brewery and restaurant in Dripping Springs, Texas, which it operates under the name "Suds Monkey Brewing Company" (the "Suds Monkey

Brew Pub"). Since 2017, Renaissance has brewed and sold a wide variety of its craft beers and ales to the public both at the Suds Monkey Brew Pub and online via its website located at sudsmonkeybrew.com (via "to go" pickup). Renaissance also offers pizzas and salads both at the Suds Monkey Brew Pub and online.

12. Renaissance's "Suds Monkey" beers include IPAs (India Pale Ales), American Pale Ales, Hefeweizen, Lagers, Blonde Ale, and Irish Stout, all of which are brewed on premises at the Suds Monkey Brew Pub.

13. Since opening, the Suds Monkey Brew Pub has won numerous awards and has become a critical and popular success at both its physical location and in through its Facebook pages and other social media presences. The Suds Monkey Brew Pub has become a destination for lovers of high quality craft beer in Dripping Springs and in the surrounding Austin and San Antonio metropolitan and their wider suburban and exurban areas.

**Renaissance's Trademarks**

14. Renaissance owns, and since at least 2017 has used the trademarks SUDS MONKEY and SUDS MONKEY BREWING (collectively the "Suds Monkey Trademarks") in connection with brew pub services and beer. Renaissance has used its Suds Monkey Trademarks openly, notoriously, and continuously since at least 2017 at the Suds Monkey Brew Pub, on Facebook and other social media, in marketing and advertising, at beer and other festivals and fairs, and on glasses, kegs, beer growlers (large pressurized jugs), shirts and other merchandise used on premises and available for sale at the Suds Monkey Brew Pub and on its website.

15. Renaissance is the owner of United States Trademark Registration No. 5262143 and 5262141 (collectively, the "Registrations") for the trademark SUDS MONKEY BREWING (the "Registered Trademark") for use in connection with brew pub services in International Class

43, and in connection with beer in International Class 32, respectively (collectively, "Suds Monkey Goods and Services").

16. Renaissance has used the Registered Trademark openly, notoriously, and continuously in interstate commerce in connection with the Suds Monkey Goods and Services since the date of first use set forth in the Registrations, all times prior to any of the acts of Defendant complained of herein.

17. Each of the Registrations for the Registered Trademark (the "Suds Monkey Applications") were initially filed by Renaissance on April 29, 2016, U.S Trademark Application Serial Nos. 87/019,535 (International Class 43 for Brew Pub Services) and 87/019,505 (International Class 32 for Beer) as intent-to-use applications under Lanham Act § 1(b), and thus each of the Registrations carries a priority date of April 29, 2016 (the "Priority Date") which Priority Date establishes Renaissance's priority of use over Defendants in this action.

18. The Suds Monkey Trademarks, including the Registered Trademark, are inherently distinctive and strong trademarks.

19. Because of Renaissance's extensive use and promotions of the Suds Monkey Trademarks, including the Registered Trademark, and in light of the unsolicited media coverage and notoriety pertaining to Renaissance's goods, services, and the Suds Monkey Trademarks, the Suds Monkey Trademarks, including the Registered Trademark, have become distinctive and prominent, have acquired a secondary meaning, and indicate and designate Renaissance as the single source of origin of goods and services marketed, offered and sold in connection therewith.

20. Renaissance has used its Suds Monkey Trademarks extensively since their first use, in connection with a variety of goods and services.

21. Renaissance has advertised and otherwise promoted its Suds Monkey Trademarks extensively since their first use, through social media, websites, and other means.

22. Renaissance's Suds Monkey Goods and Services marketed, offered and sold in connection with, and/or bearing the Suds Monkey Trademarks have been sold extensively.

23. Renaissance's Suds Monkey Goods and Services marketed, offered and sold in connection with, and/or bearing the Suds Monkey Trademarks have won awards for quality and popularity and have been the subject of unsolicited media coverage.

24. By virtue of Renaissance's use, advertising, promotion and sales of its Suds Monkey Goods and Services in connection with and/or bearing the Suds Monkey Trademarks, including the Registered Trademark, and the unsolicited media coverage featuring the Suds Monkey Trademarks, the Suds Monkey Trademarks have have become associated with Renaissance and have created an association between Renaissance and its Suds Monkey Trademarks in the mind of consumers.

**Defendants' Infringing Activities**

25. On or about September 1, 2020, Defendants opened a brewery and tap room in San Antonio, Texas, which Defendants currently operate under the name "Brew Monkey Beer Company" (the "Brew Monkey Brewery"). Defendants brew various "Brew Monkey" branded beers and ales (the "Infringing Goods"), and offer their Infringing Product for sale and for tasting (the "Infringing Services") onsite at the Brew Monkey Brewery and online via their website located at brewmonkeybeerco.com.

26. On information and belief, Defendants also offer and sell, and/or will offer and sell, their Infringing Products at third-party brick and mortar retail stores throughout the San Antonio and Austin metropolitan, and wider suburban and exurban areas.

27. Defendants' Infringing Goods and Defendants' Infringing Services may be collectively referred to as "Defendants' Infringing Goods and Services."

28. On information and belief, Defendants market and advertise their Infringing Goods and Services online via their website, and through their Facebook pages, other social media, and via other means of marketing and advertising.

29. The Infringing Goods offered and sold by Defendants consist of various craft beer styles similar to the styles of craft beers and ales offered and sold by Renaissance, including lager, blonde ales, IPA, Hefeweizen, and Irish stout.

30. Through their website, at their Brew Monkey Brewery, and through third party brick and mortar retail stores, Defendants offer for sale and sell, and will continue to offer for sale and sell, the Infringing Goods and Infringing Services within this judicial district.

31. Defendants caused to be filed U.S. Trademark Application Serial No. 87/391,192 ("Defendants' Application") to register the trademark BREW MONKEY BEER COMPANY (the "Infringing Mark") in connection with brew pub services in International Class 43 on March 29, 2017, on an intent-to-use basis under Lanham Act § 1(b).

32. In the event Defendants' Application matures to a registration covering the Infringing Mark in connection with brew pub services, Defendants' priority date will be significantly later than, and junior to, Renaissance's Priority Date for its Registered Trademark.

33. Defendants' Infringing Mark is confusingly similar to Renaissance's Suds Monkey Trademarks, including the Registered Trademark, in sight, sound, and connotation.

34. Defendants' Infringing Goods and Services are related to the Suds Monkey Goods and Services that Renaissance provides under and/or in connection with its Suds Monkey Marks.

35. Upon information and belief, Defendants were aware of Renaissance and Renaissance's use of the Suds Monkey Trademarks in connection with the Suds Monkey Goods and Services at the time Defendants adopted and began to use Defendants' Infringing Mark.

36. Upon information and belief, Defendants adopted their Infringing Mark with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the goodwill and public recognition associated with the Suds Monkey Marks and diverting sales from Renaissance to Defendants.

37. The aforementioned acts of Defendants is causing and will cause a likelihood of confusion in the minds of the trade and the public, and is damaging and will continue to damage Renaissance's reputation and goodwill in connection with the Suds Monkey Trademarks and the Suds Monkey Goods and Services.

## COUNT I
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

38. Renaissance repeats and realleges each and every allegation contained in the prior paragraphs and the same are incorporated herein and made a part hereof by this reference.

39. Renaissance is the owner of the Registered Trademarks and the Registrations.

40. The Registered Trademark and the Registrations are valid and subsisting.

41. Renaissance commenced using, and has continuously used the Registered Trademark in commerce since its first use date.

42. Renaissance adopted and used the Registered Trademark prior to when Defendants commenced using Defendants' Infringing Mark.

43. Renaissance's Priority Date for use of the Registered Trademark, based upon the filing date of the Suds Monkey Applications, is earlier than, and senior to the earliest use date

that Defendants can establish by virtue of their filing date for Defendants' Application or otherwise.

44. The Infringing Mark is confusingly similar to the Registered Trademark in sight, sound, and connotation.

45. Renaissance's Registered Trademark is a strong trademark, based on both its inherent strength and its commercial strength.

46. Renaissance's Suds Monkey Goods and Services are goods and services, which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' Infringing Goods and Services.

47. Upon information and belief, Defendants were aware of Renaissance and of Renaissance's use of its Registered Trademark prior to the time Defendants selected and commenced using Defendants' Infringing Mark.

48. Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, Defendants' prior knowledge of Renaissance and Renaissance's use of its Registered Trademark, and the relatedness of the parties' goods and services and marketing and advertising channels, Defendants' conduct constitutes willful trademark infringement.

49. As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, and/or deception, and many persons familiar with Renaissance's Registered Trademark are likely to buy Defendants' Infringing Goods and Services with the belief that Defendants are affiliated with, or sponsored by Renaissance, and/or that Defendants' Infringing Goods and Services originate from Renaissance or are provided by or otherwise authorized or sponsored by Renaissance.

50. Accordingly, Defendants are engaged in infringement of Renaissance's Registered Trademark, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion or mistake, or to deceive.

51. On information and belief, Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Renaissance has been and will be deprived of rights and profits which otherwise would have come to Renaissance, but for such infringements.

52. Renaissance has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

53. Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

54. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Renaissance's monetary damages caused by Defendants' wrongful conduct, Renaissance is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Renaissance. Renaissance seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT II**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT ' 43(a))**

55. Renaissance repeats and realleges each and every allegation contained in the prior paragraphs, and the same are incorporated herein and made a part hereof by this reference.

56. Renaissance is the owner of the Suds Monkey Trademarks.

57. The Suds Monkey Trademarks are inherently distinctive.

58. The Suds Monkey Trademarks have acquired distinctiveness and a secondary meaning.

59. Renaissance commenced using, and has continuously used the Suds Monkey Trademarks in commerce since their respective first use dates.

60. Renaissance adopted and used the Suds Monkey Trademarks prior to when Defendants' commenced using Defendants' Infringing Mark, or otherwise prior to any priority date Defendants can claim for the Infringing Mark.

61. Renaissance's Priority Date for the Registered Mark is earlier in time that any priority date Defendants can claim for the Infringing Mark.

62. Defendants' offering and sales of their Infringing Goods and Services using Defendants' Infringing Mark creates a likelihood of confusion with Renaissance, Renaissance's Suds Monkey Trademarks, and with Renaissance's offering and sales of its Suds Monkey Goods and Services using its Suds Monkey Trademarks.

63. Defendants' Infringing Mark is confusingly similar to the Suds Monkey Trademarks in sight, sound, and connotation.

64. Renaissance's Suds Monkey Goods and Services are goods and services, which are sold, distributed, furnished and/or advertised to the same or similar classes of customers as Defendants' Infringing Goods and Services.

65. Upon information and belief, Defendants were aware of Renaissance and of Renaissance's use of its Suds Monkey Trademarks prior to the time Defendants selected and commenced using Defendants' Infringing Mark.

66. Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, Defendants' prior knowledge of Renaissance and Renaissance's use of its Suds Monkey Trademarks, and the relatedness of the parties' goods and services and marketing channels, Defendants' conduct constitutes willful trademark infringement.

67. The acts of Defendants constitute willful infringement of the Suds Monkey Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants, Defendants' Infringing Mark, and/or Defendants' Infringing Goods and Services are in some manner affiliated with, originate from, and/or are sponsored by Renaissance, and by misrepresenting the nature and/or origin of Defendants' Infringing Goods and Services, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

68. The acts of Defendants have caused irreparable harm and damage to Renaissance and will continue to cause irreparable harm to Renaissance, and have caused and will continue to cause Renaissance to suffer monetary damage in an amount thus far not determined.

69. Renaissance has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

70. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Renaissance's monetary damages caused by Defendants' wrongful conduct, Renaissance is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Renaissance. Renaissance seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT III
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

71. Renaissance repeats and realleges each allegation contained in the prior paragraphs and the same are incorporated herein and made a part hereof by this reference.

72. Upon information and belief, Defendants intentionally appropriated Renaissance's Suds Monkey Marks with the intent of causing confusion, mistake and deception as to the source of Defendants' Infringing Mark and Defendants' Infringing Goods and Services, with the intent to palm-off Defendants' Infringing Goods and Services as those of Renaissance's and to misappropriate the efforts and good will of Renaissance.

73. The acts of Defendants have created a likelihood of confusion.

74. The acts of Defendants, including Defendants' use of Defendants' Infringing Marks, constitute trademark infringement, in violation of the common law of the State of Texas.

75. The acts of Defendants, including Defendants' use of Defendants' Infringing Mark, constitute unfair competition, in violation of the common law of the State of Texas.

76. The foregoing acts of Defendants have injured and will continue to injure Renaissance, by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendants' Infringing Mark and Defendants' Infringing Goods and Services as those of Renaissance, all in violation of the common law of the State of Texas.

77. Defendants' acts have caused irreparable harm and damage to Renaissance and have caused Renaissance monetary damage in an amount thus far not determined, for which Renaissance is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

78. Renaissance has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

79. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Renaissance's monetary damages caused by Defendants' wrongful conduct, Renaissance is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Renaissance. Renaissance seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Renaissance respectfully prays for judgment against Defendants as follows:

A. That Defendants' conduct serves to infringe Renaissance's Registered Trademarks, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B. That Defendants' conduct serves to infringe Renaissance's Marks, falsely designate the origin of Defendants' Goods, falsely describe such goods, and unfairly compete with Renaissance, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

C. That Defendants' conduct has injured Renaissance by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendants' Infringing Marks and Defendants' Goods as Renaissance's Marks and goods, all in violation of the common law of the State of Texas.

D. That Defendants and their directors, officers, members, managers, employees, attorneys, agents, servants, parents, subsidiaries, affiliates, successors, heirs, assigns, and all

others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

    i. Using Renaissance's Suds Monkey Marks, or any other marks which are similar to or are colorable imitations of Renaissance's Suds Monkey Marks, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

    ii. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' goods and services; and

    iii. Otherwise unfairly competing with Renaissance.

E.     That the Court issue an Order directing Defendants to file with the Court and serve on Renaissance, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

F.     That the Court award judgment in favor of Renaissance for the damages sustained by Renaissance and the profits made by Defendants as a result of Defendants' wrongful conduct.

G.     That the Court award judgment in favor of Renaissance in the amount of treble damages.

H.     That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees.

I.     That the Court award to Renaissance punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

J.      That this Court requires a full and complete accounting of all monies received by Defendants as a result of the sales made by or on behalf of Defendants under Defendants' Infringing Mark.

K.      For interest on all amounts found to be due to Renaissance from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

L.      That the Court requires Defendants to notify their commercial associates, suppliers, and customers of said Order.

M.      That the Court orders such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

N.      That the Court retains jurisdiction of this action for the purpose of enabling Renaissance to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

O.      That the Court issue an Order directing the U.S. Patent and Trademark Office to deny registration to Defendants for Defendants' Application and/or to cancel any registration(s) resulting therefrom.

## JURY TRIAL DEMANED

Plaintiff Renaissance hereby demands a jury trial of all issues so triable.

Dated: September 11, 2020

Respectfully submitted,

**TRENT NICHOLS, PLLC**

By: /s/ *Wade A. Johnson*
WADE A. JOHNSON
State Bar No. 24062197
Federal Bar No. 105556
1309 N. Avenue E
Shiner, TX 77984
Email: wade@trentnicholslaw.com
Telephone: 361-594-5004
Fascimile: 361-594-5024

**ATTORNEY IN CHARGE FOR PLAINTIFF RENAISSANCE BREWING, LLC, D/B/A SUDS MONKEY BREWING COMPANY**

OF COUNSEL:

**LACKENBACH SIEGEL LLP**

ROBERT B. GOLDEN (*Pro hac vice pending*)
State Bar No. 2536670
Email: RGolden@LSLLP.com
JEFFREY M. ROLLINGS (*Pro hac vice pending*)
State Bar No. 3045143
Email: JRollings@LSLLP.com
One Chase Road
Lackenbach Siegel, Bldg., Penthouse Fl.
Scarsdale, New York 10583
Telephone: (914) 723-4300
Fascimile: (914) 725-5674